UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| Tina Etheredge, | ) | |
| *Plaintiff*, | ) | C/A No: |
| | ) | |
| vs. | ) | |
| | ) | **Complaint** |
| S. Nichols, *in his individual capacity*, and the | ) | **(Jury Trial Demanded)** |
| Greenwood Police Department, | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |

The plaintiff, Tina Ethridge, by and through her attorney, E. Charles Grose, Jr., submits the following complaint against the defendant, S. Nichols, in his individual capacity, and the Greenwood Police Department.

**NATURE OF ACTION**

1) This is an action for damages and redress for certain illegal and unconstitutional actions taken by the Greenwood Police Department and Officer S. Nichols, in his individual capacity, acting under color of law and within the scope of his employment, that led to charging, arresting, and imprisoning Tina Ethridge, without probable cause, for disorderly conduct, assault and battery, and resisting arrest.

**JURISDICTION AND VENUE**

2) This case arises under the United States Constitution and the laws of the United States and presents a federal question within this Court's jurisdiction under Article III of the Constitution and 28 U.S.C. §1331 and 28 U.S.C. §1343(3).

3) This action is brought pursuant to 42 U.S.C. §1983 as an action to redress the deprivation under color of state law rights secured by the United States Constitution.

4) This Court has jurisdiction over state law claims pursuant to 28 U.S.C. §1367(a) because those claims are so related to the federal constitutional claims that they form part of the same case or controversy.

5) The Court has authority to award costs and attorneys' fees pursuant to 28 U.S.C. §1988.

6) Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

7) The plaintiff, Tina Ethridge, is a citizen and resident of the State of South Carolina.

8) Upon information and belief, the defendant, S. Nichols, is a citizen and resident of the State of South Carolina. At all times relevant to this complaint, he was employed as a police officer by the Greenwood Police Department.

9) The Greenwood Police Department is a state agency, a political subdivision, and/or a governmental entity liable for its torts and the torts of its employees under the South Carolina Torts Claims Act, S.C. Code Ann. § 15-78-10 *et. seq*.

## FACTS

10) On August 3, 2013, Officer Nichols was dispatched to investigate a 911 hang up in the City of Greenwood.

11) When Officer Nichols arrived, a male subject was confronting Ms. Ethridge while she sat in the front, passenger seat of a car driven by one of her friends. Officer Nichols instructed the male subject to move away from the car.

11) Officer Nichols then confronted Ms. Ethridge in a confrontation manner, grabbed her by the arm, forcibly removed her from the car, slung her, and punched her in the face.

12) Under City of Greenwood Ordinances, Officer Nichols charged Ms. Ethridge with disorderly conduct, assault and battery, and resisting arrest. Office Nichols did not have probable cause to charge Ms. Ethridge with these offenses.

13) On August 22, 2017, a jury acquitted Ms. Ethridge of all charges.

14) As a direct and proximate result of Office Nichols' actions, Ms. Ethridge sustained personal injuries that required medical attention.

15) As a direct and proximate result of Officer Nichol's actions, Ms. Ethridge was incarcerated and lost her freedom for a period of time.

16) As a direct and proximate result of Officer Nichols' Actions, Ms. Ethridge has suffered economic damages including but not necessarily limited medical bills and lost wages.

**FOR A FIRST CAUSE OF ACTION**

**(42 U.S.C. § 1983 Claim for Fourth Amendment Unlawful Seizure Against Defendant Officer Nichols, in His Individual Capacity)**

17) Ms. Ethridge incorporates all of the foregoing as if set forth herein verbatim and further alleges as follows.

18) Officer Nichols unconstitutionally arrested, charged, and imprisoned Ms. Ethridge for disorderly conduct, assault and battery, and resisting arrest. Officer Nichols also used unreasonable and excessive force in effecting an unconstitutional arrest.

19) All of these foregoing acts and omissions were committed under color of law and violated clearly established laws of which any reasonable official would have known.

20) The actions of Officer Nichols interfered with Ms. Ethridge's fundamental constitutional rights under the Fourth Amendment, as applied to the State of South Carolina vis-à-vis the Fourteenth Amendment.

21) As a direct and proximate result of the Officer Nichols' deliberate, reckless, deliberately indifferent, and/or bad faith acts and omissions, Ms. Ethridge was deprived of her Fourth Amendment rights. She was wrongfully charged, arrested, and imprisoned. She also suffered all of the physical, emotional, and pecuniary injuries set forth throughout this complaint and below in the prayer for relief.

## FOR A SECOND CAUSE OF ACTION

**(Malicious Prosecution Against Defendant Greenwood Police Department)**

22) Ms. Ethridge incorporates all of the foregoing as if set forth herein verbatim and further alleges as follows.

23) Officer Nichols, while employed by the Greenwood Police Department and acting within the scope of his employment, instituted a criminal prosecution against plaintiff by arresting her for disorderly conduct, assault and battery, and resisting arrest.

23) Officer Nichols deliberately, intentionally, and without just cause instituted this criminal prosecution against plaintiff with malice and without probable cause.

24) This criminal prosecution terminated in favor of the plaintiff when a jury acquitted her of these charges.

25) As a direct and proximate result of the defendant's deliberate, reckless, deliberately indifferent, and/or bad faith acts and omissions, plaintiff was deprived of his Fourth Amendment rights. She was wrongfully charged, arrested, and imprisoned. She also suffered all of the physical, emotional, and pecuniary injuries set forth throughout this complaint and below in the prayer for relief.

# FOR A THIRD CAUSE OF ACTION

## (Abuse of Process Against Defendant Greenwood Police Department)

26) Plaintiff incorporates all of the foregoing as if set forth herein verbatim and further alleges as follows.

27) Officer Nichols while employed by the Greenwood Police Department and acting within the scope of his employment, instituted a criminal prosecution against plaintiff by arresting her for disorderly conduct, assault and battery, and resisting arrest.

28) Instituting the criminal prosecution against plaintiff was a willful act in the use of the process not proper in the regular conduct of the proceeding.

29) As a direct and proximate result of the defendant's abuse of process, the plaintiff suffered all of the physical, emotional, and pecuniary injuries set forth throughout this complaint and below in the prayer for relief.

WHEREFORE, the plaintiff, Tina Ethridge, prays for this Court to grant the following relief:

a) Enter a judgment in favor of Ms. Ethridge against all defendants, jointly and severally, on all counts;

b) Award compensatory damages to Ms. Ethridge against the defendants, jointly and severally, in an amount to be determined at trial;

c) Award punitive damages to Ms. Ethridge and against all defendants, jointly and severally, in an amount to be determined at trial, in order that such award will deter similar illicit conduct by Defendants and other officials in the future;

d) Award to Ms. Ethridge and against the defendants pre-judgment and post-judgment interest on all sums awarded him in this matter

e) Award attorney's fees.

f) Award costs of this action.

g) Award such other and further relief this Court deems just and proper.

>Respectfully Submitted,
>
>By: *s/E. Charles Grose, Jr.*
>
>E. Charles Grose, Jr.
>The Grose Law Firm, LLC
>400 Main Street
>Greenwood, South Carolina 29646
>(864) 538-4466
>charels@groselawfirm.com
>Federal Court ID: 6072
>
>***Attorney for Plaintiff Tina Ethridge***

September 5, 2018.