IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENVILLE DIVISION

| | |
|---|---|
| Tina Etheredge, ) | Civil Action No. 8:18-cv-02449-TMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| S. Nichols and Greenwood Police ) | |
| Department ) | |
| ) | |
| Defendant. ) | |

Plaintiff Tina Etheredge ("Plaintiff") brought this action against Defendants S. Nichols and Greenwood Police Department (collectively, "Defendants") alleging several claims pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"). (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). On July 1, 2019, Defendants filed a motion for summary judgment. (ECF No. 15). Plaintiff filed her response in opposition, (ECF No. 18), and Defendants replied, (ECF No. 22). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendants' motion for summary judgment. (ECF No. 27). Plaintiff filed objections to the Report. (ECF No. 30). This matter is now ripe for review.

1

# **STANDARD OF REVIEW**

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See* (ECF No. 27). The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C.

Oct. 31, 2012) (noting that "almost verbatim restatements of the arguments made in previously ruled upon discovery motions" are not specific objections); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of proving that summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Celotex Corp.*, 477 U.S. at 322.

## **DISCUSSION**

Plaintiff's complaint sets forth four causes of action, namely: (1) a claim pursuant to 42 U.S.C. § 1983 for unlawful seizure against Defendant Nichols, (2) a § 1983 claim for excessive force against Defendant Nichols, (3) a claim for malicious prosecution against Defendant Greenwood Police Department (the "Police Department"), and (4) a claim for abuse of process against the Police Department. *See* (ECF No. 1). In their motion for summary judgment, Defendants argued that Plaintiff's first two claims—the § 1983 claims against Defendant

Nichols—were barred by the applicable statute of limitations.[1] (ECF Nos. 15-1 at 5–7; 22 at 2). Plaintiff failed to make any response to Defendants' argument that her § 1983 claims are time barred[2] and is, therefore, deemed to have conceded that the claims are in fact barred. *See, e.g.*, *Coker v. Int'l Paper Co.*, C/A No. 2:08-1865-DCN-BM, 2010 WL 1072643, at *2 (D.S.C. March 18, 2010) (noting "a plaintiff can abandon claims by failing to address them in response to a summary judgment motion"); *Jones v. Danek Med., Inc.*, No. Civ. A. 4:96-3323-12, 1999 WL 1133272, at *3 (D.S.C. Oct. 12, 1999) ("The failure of a party to address an issue raised in summary judgment may be considered a waiver or abandonment of the relevant cause of action."). Nevertheless, the magistrate judge independently considered the applicable statute of limitations for Plaintiff's § 1983 claims and concluded they are

---

[1] Defendants also argued Plaintiff's abuse of process claim against the Police Department was similarly barred by the statute of limitations. (ECF No. 15 at 6–7). The court declines to address this issue because it finds Defendants are entitled to summary judgment on the abuse of process claim on other grounds, as discussed herein. *Cf. Derrick v. Johnson Controls, Inc.*, Civ. A. No. 3:10-cv-3295-CMC, 2012 WL 2072782, at *9 (D.S.C. June 8, 2012) (declining to address additional arguments for summary judgment where the absence of proof of one element was dispositive).

[2] Rather than addressing the timeliness of her § 1983 claims for unlawful arrest and excessive force, Plaintiff's asserts—for the first time—that her § 1983 claim against Defendant Nichols is based on malicious prosecution and is, therefore, timely under the statute of limitations. (ECF No. 18 at 5). "'[A] party is generally not permitted to raise a new claim in response to a motion for summary judgment.'" *Hampton v. Edgerton*, Civ. A. No. 4:14-cv-04697-JMC, 2015 WL 5254760, at *9 n.1 (D.S.C. Sept. 9, 2015) (quoting *White v. Roche Biomed. Labs., Inc.*, 807 F. Supp. 1212, 1216 (D.S.C. 1992)). Plaintiff's Complaint raises no allegation of or claim for malicious prosecution under § 1983 against Defendant Nichols and, because Plaintiff is represented by counsel, the court is not required to liberally construe her pleadings. *See, e.g.*, *Shetty v. Hampton Univ.*, Action No. 4:12cvl58, 2014 WL 280448, at *5 (E.D. Va. Jan. 24, 2014). Thus, To the extent Plaintiff is attempting to amend her pleadings to state a claim for malicious prosecution under § 1983, such claim is not properly before the court and is not considered.

time barred. (ECF No. 27 at 5–7). Plaintiff makes no objection to this conclusion. *See* (ECF No. 18). Therefore, finding no clear error in the magistrate judge's analysis, the court agrees that Plaintiff's § 1983 claims for unlawful arrest and excessive force are barred by the statute of limitations. *See Dunlap*, 288 F. Supp. 3d at 662 (noting a court need only review for clear error "those portions [of the Report] which are not objected to"). Thus, Defendants are entitled to summary judgment on Plaintiff's § 1983 claims.

As to her claim for malicious prosecution against the Police Department, Plaintiff objects to the magistrate judge's finding that there was probable cause for her arrest. (ECF No. 30 at 4–5).[3] Specifically, Plaintiff argues Defendant Nichols did not have probable cause to arrest her for assault and battery or disorderly conduct. *Id*. Probable cause exists where "the facts and circumstances within an officer's knowledge—or of which he possesses reasonably trustworthy information—are sufficient in themselves to convince a person of reasonable caution that an offense has been or is being committed." *Wadkins v. Arnold*, 214 F.3d 535, 539 (4th Cir. 2000) (citation omitted). "To determine whether probable cause existed, courts look to the totality of the circumstances known to the officers at the

---

[3] "To maintain an action for malicious prosecution, plaintiff must show (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) termination of such proceeding in plaintiff's favor; (4) malice in instituting such proceedings; (5) want of probable cause; and (6) resulting injury or damage." *Parrott v. Plowden Motor Co.*, 143 S.E.2d 607, 608 (S.C. 1965).

time of the arrest." *United States v. Al-Talib*, 55 F.3d 923, 931 (4th Cir. 1995) (citing *Illinois v. Gates*, 462 U.S. 213, 230–31 (1983)). There are two factors that inform the determination of probable cause: "the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct." *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992). Probable cause involves "probabilities—judgment calls that are tethered to context and rooted in common sense." *United States v. White*, 549 F.3d 946, 947 (4th Cir. 2008). Thus, to survive summary judgment in a malicious prosecution claim, a plaintiff must prove "a set of facts which made it unjustifiable for a reasonable officer to conclude that [the plaintiff] was violating [the relevant law]." *Brown v. Gilmore*, 278 F.3d 362, 368 (4th Cir. 2002).

In this case, the record is replete with evidence to support the magistrate judge's finding of probable cause. Defendant Nichols was responding to a 911 hang-up call and, upon his arrival, observed Plaintiff in an altercation with her then-boyfriend, Mr. Bird. (ECF No. 15-2 at ¶¶ 3–5). Indeed, Plaintiff conceded under oath during her deposition that her actions constituted assault and battery against Mr. Bird. (ECF Nos. 15-6 at 11 (33:16–34:13), 20 (71:22–24)); *see also* (ECF No. 15-3 (dash camera video)). Although Plaintiff was not ultimately charged with assault and battery against Mr. Bird, the magistrate judge correctly noted that uncharged conduct can support probable cause to arrest. (ECF 27 at 10); *see also Devenpeck*

7

*v. Alford,* 543 U.S. 146, 153–56 (2004). Thus, given the totality of the circumstances existing at the time of the arrest as demonstrated by the evidence in the record, the court agrees with the magistrate judge that Defendant Nichols had probable cause to arrest the Plaintiff.[4] Accordingly, Plaintiff's malicious prosecution claim fails as a matter of law and Defendants are entitled to summary judgment thereon.

Lastly, Plaintiff objects to the magistrate judge's recommendation that the abuse of process claim should be dismissed. (ECF No. 30 at 5–6). However, Plaintiff presents no specific argument as to why this conclusion was in error. *See id*. Instead, Plaintiff merely makes a broad, conclusory assertion that there exists a genuine issue of material fact regarding whether Defendant Nichols instituted process to shield himself and the Police Department from liability. *Id*. Additionally, Plaintiff fails to cite to the record or to any relevant authority in support of her objection. *See id*. Consequently, the court need only review the magistrate judge's recommendation for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[4] The magistrate judge also found that Defendant Nichols had probable cause to arrest Plaintiff for disorderly conduct. (ECF No. 27 at 11–13). The court need not address this additional ground, however, having already found probable cause for Plaintiff's arrest based on Defendant Nichol's witnessing her assault and battery of Mr. Bird. *See Holloman v. City of Myrtle Beach*, Civ. A. No. 4:04-1868, 2006 WL 4869353, at *7 (D.S.C. June 8, 2006) (noting that "where an arrestee is charged with multiple offenses, 'if there was probable cause for any of the charges made then the arrest was supported by probable cause'" (quoting *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001)) (internal alterations omitted)).

"The essential elements of an abuse of process claim are an ulterior purpose and a willful act in the use of the process not proper in the conduct of the proceeding." *Argoe v. Three Rivers Behavioral Ctr. & Psychiatric Sols.,* 697 S.E.2d 551, 556 (S.C. 2010) (quoting *Hainer v. Am. Med. Int'l, Inc.*, 492 S.E.2d 103,107 (S.C. 1997)). "Some definite act or threat not authorized by the process or aimed at an object not legitimate in the use of the process is required." *Hainer*, 492 S.E.2d at 107. A defendant will not be held liable for an abuse of process, however, where it has "done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Id.* As the South Carolina Court of Appeals has explained,

> [T]he essence of the tort of abuse of process centers on events occurring *outside* of the process, namely: [t]he improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.

*Swicegood v. Lott*, 665 S.E.2d 211, 214 (S.C. Ct. App. 2008) (quoting *Huggins v. Winn–Dixie Greenville, Inc.*, 153 S.E.2d 693, 694 (S.C. 1967)) (emphasis in original).

In this case, there is no evidence in the record that Defendants' extorted or made any threat against Plaintiff with regard to charging her with or prosecuting her for the offenses with which she was charged. On the contrary, the undisputed

evidence in the record establishes that Defendants "d[id] nothing more than carry out the process to its authorized conclusion . . . ." *Hainer*, 492 S.E.2d at 107. Accordingly, the Court finds no clear error in the magistrate judge's recommendation that summary judgment be entered for Defendants on the abuse of process claim.

## Conclusion

Thus, having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court finds no reason to deviate from the Report's recommended disposition. For the reasons set forth above, the court adopts the magistrate judge's Report, (ECF No. 27), and incorporates it herein. Accordingly, Defendants' motion for summary judgment (ECF No. 15) is **GRANTED**.

    **IT IS SO ORDERED.**

                                                             s/Timothy M. Cain
                                                             United States District Judge

Anderson, South Carolina
March 18, 2020